USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELECTRIC MIRROR, LLC,

     Plaintiff,

-against-

PROJECT LIGHT, LLC, PROJECT LIGHT, INC., PROSPETTO LIGHT, LLC, and PROSPETTO LIGHTING, LLC,

     Defendants.

---

1:17-cv-01747 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Electric Mirror, LLC ("Plaintiff") brings this action against Defendants Project Light, LLC; Project Light, Inc.; Prospetto Light, LLC; and Prospetto Lighting, LLC (collectively, the "Defendants"). Plaintiff alleges a claim of patent infringement. Before the Court is Defendants' motion to dismiss pursuant to 28 U.S.C. § 1406(a) for improper venue and for failure to state a claim upon which relief can be granted, or in the alternative, to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404. After careful consideration, Defendants' motion is **GRANTED**.

### BACKGROUND

Plaintiff is a manufacturer of lighted mirrors. On December 14, 2010, the United States Patent and Trademark Office issued U.S. Patent No. 7,853,414 ("the 414 patent"). The 414 patent had previously been assigned to Plaintiff on April 29, 2009 and subsequently, on July 1, 2009, the assignment was recorded with the United States Patent and Trademark Office. On March 8, 2017, Plaintiff filed its first complaint, in which it alleges that the Defendants infringed upon three of its patents, including the 414 patent. Shortly thereafter, on May 3, 2017, Plaintiff filed an amended complaint, which only included one claim of patent infringement concerning

1

the 414 patent. ECF No. 12. Defendants attempted to file a motion to stay this action pending the outcome of a related proceeding before the United States International Trade Commission ("ITC") on May 31, 2017. ECF No. 22. However, due to a filing error, the motion was not officially filed until August 3, 2017. ECF No. 25. This Court granted the stay on August 7, 2017. ECF No. 28. On March 12, 2018, the parties filed a joint status report in which Defendants indicated they would submit a motion to dismiss for improper venue once the ITC decision became final.

On January 19, 2018, the ITC issued their decision, which became final on May 19, 2018. Consequently, on September 13, 2018, Defendants filed a motion to lift the stay. The Defendants concluded the briefing of the motion by restating their intention to file a motion to dismiss for improper venue and failure to state a claim upon which relief can be granted. In the alternative, Defendants argued this action should be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404. On September 20, 2018, the Court lifted the stay. Approximately two weeks later, on October 1, 2018, Defendants filed the instant motion. Defendants argue that their motion to dismiss and/or transfer venues is timely and accordingly they have not waived their right to raise venue objections. Furthermore, they assert that they did not consent to venue in this District.

## DISCUSSION

I. **Motion to Dismiss**

*A. Legal Standard*

In determining whether venue is appropriate under Fed. R. Civ. P. 12(b)(3), the Plaintiff bears the burden of demonstrating that venue is proper. *CDx Diagnostic, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-5669, 2018 WL 2388534, at *1 (S.D.N.Y. May 24, 2018). In the patent

2

litigation context, venue is governed by 28 U.S.C. § 1400(b), which provides that patent infringement actions "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id.* The Supreme Court in *TC Heartland, LLC v. Kraft Food Group Brands*, recently rejected the argument that §1400(b) incorporates the broader definition of corporate "residence" contained in the general venue statute. 137 S. Ct. 1514, 1518 (2017). Instead, the Supreme Court concluded that a corporate defendant's residence, for the purposes of the first prong of § 1400(b), is where the entity is incorporated. *Id.*

Shortly thereafter, the Federal Circuit determined that *TC Heartland* constituted an intervening change of law, such that the venue waiver rule did not apply to cases that had been subjected to prior controlling precedent.[1] *In re Micron Tech., Inc.*, 875 F3d 1091, 1099–1100 (Fed Cir. 2017). *See also* Fed. R. Civ. Pro. 12(g)(2) & (h)(1). However, the Federal Circuit also recognized that a defendant could have otherwise forfeited a venue objection through its conduct. *Id.* at 1100–02. Based on the framework articulated by the Supreme Court in *Dietz v. Bouldin*, 136 S.Ct. 1885 (2016) the Federal Circuit identified timeliness and consent as two factors that could be considered in making a venue forfeiture determination. *Id.* Although the Federal Circuit left open the question of what additional factors could be weighed, it indicated that proximity to trial and "a defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum" were two factors that courts might consider as well. *Id.* at 1102.

---

[1] For the purposes of § 1400(b), Federal Circuit precedent is binding. *See In re Micron Tech., Inc.*, 875 F3d at 1098 (citing *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) ("Federal Circuit law, rather than regional circuit law, governs our analysis of what § 1400(b) requires."))

*B. Analysis*

Plaintiff first argues that the Defendants waived venue in this case by failing to raise venue objections prior to filing their motion to stay the proceedings. Under Rule 12 (g)(2) and (h)(1), a Defendant is found to have waived a venue defense if that party fails to raise that defense in a Rule 12 motion or an answer. Fed. R. Civ. P. 12(g)(2) & (h)(1). *See also Tri-State Emp't Servs., Inc. v. Mountbatten Sur. Co.*, 295 F.3d 256, 261 n.2 (2d Cir. 2002) (citation omitted) ("[B]ecause defendant failed to raise any venue challenge in a pre-answer motion or responsive pleading defendant is deemed to have waived any objection to venue."). Here, the Defendants have not yet filed an Answer. Furthermore, the only motions the Defendants have filed in this case have been the motion to stay and the motion to vacate the stay. Neither of these motions constitute pre-answer motions under Rule 12. *See* Fed. R. Civ. P. R. 12(b). Because the Defendants have not yet filed a responsive pleading or 12(b) motion prior to the motion presently before the court, the Rule 12 venue waiver rule is not implicated.

Additionally, Plaintiff argues that the Defendants waived venue by delaying the filing of the corrected motion to stay, the motion to lift the stay and the motion presently before the Court. Taking into consideration the factors identified by the Federal Circuit and those that would be appropriate under the *Dietz* framework, the Court finds that the Defendants have not waived venue for two primary reasons. First, the Defendants timely asserted their venue defense. Excluding the period during which the stay was in effect, there were approximately three months between the date when the venue defense became available and the date when Defendants asserted their venue defense.[2] Courts have generally concluded that a three-month delay does not constitute waiver in asserting a right, objection or defense. *See Chassen v. Fid. Nat'l Fin., Inc.*,

---

[2] It should be noted that the period of delay would have been even shorter had Defendants' first attempt at filing the motion to stay not include a filing error.

4

836 F.3d 291, 303 (3d Cir. 2016) (finding a three-month delay in asserting a newly available defense was not unreasonable and did not constitute waiver); *Infinity Comput. Prods. v. OKI Data Ams., Inc.*, Civ. No. 12-6797, 2018 WL 1035793, at *5 (E.D. Pa. Feb. 23, 2018) (finding a three-to-five-month delay in filing motions to transfer venue was not sufficient to constitute waiver). *See also Grigsby & Assocs., Inc. v. M Sec. Inv.*, 635 F. App'x 728, 733 (11th Cir. 2015) (finding a 10 year delay was not sufficient to constitute waiver of the right to compel arbitration); *Cotto v. Clark Investigations & Services, Ltd.*, No. 03 Civ. 2878, 2003 WL 22358797, at *1 (S.D.N.Y. Oct. 16, 2003) (concluding there was no privilege waiver despite the party's three-month delay in proffering the privilege log); *Melendez v. Greiner,* No. 01 Civ. 7888, 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003) (determining defendants' objections to discovery requests were not waived despite a four month delay). Furthermore, Plaintiff has not suffered, or for that matter alleged, any undue prejudice as a result of Defendants' delay. In fact, as demonstrated by the fact that the Defendants have not yet filed an answer, this matter is at the beginning stages of litigation and therefore not close to trial. Lastly, this Court does not find Plaintiff's timeliness complaints concerning the filing of the motion to vacate the stay persuasive. The record shows that the Defendants reached out to Plaintiff to discuss filing a motion to vacate the stay as early as May 31, 2019, approximately 12 days after the ITC decision was finalized. ECF No. 53-1, Ex A to October 29, 2018 Declaration of Christopher J. Sovak.

Second, prior to the instant motion, Defendants made clear their intention to file a motion to dismiss for improper venue or in the alternative to transfer venue. For example, in the parties' Joint Status Report submitted on March 12, 2018, the Defendants stated "[i]n the event the Plaintiff does not concede to transfer of venue, it is the Defendants' intention to move pursuant to F[ed].R.C[iv].P[.] 12(b)(3) (or in the alternative 28 U.S.C. § 1404) and 12(b)(6) to dismiss the

5

Plaintiff's complaint for improper venue and/or for failure to state a claim." ECF No. 37. Similarly, in Defendants motion to lift the stay, Defendants stated "Project Light respectfully requests that the stay be lifted so Defendants can move pursuant to (1) Fed. R. Civ. P. 12(b)(3), or in the alternative, 28 U.S.C. § 1404, and (2) Fed.R.Civ.P. 12(b)(6) to dismiss the amended complaint for improper venue and/or for failure to state a claim, as addressed more fully in the March 12, 2018 Joint Status Report." ECF No. 41. Accordingly, Defendants did not consent to venue in this District and the Defendants cannot be said to have bypassed opportunities to notify Plaintiff or this Court of their desire for a different forum.

Since the Court finds that the Defendants did not waive venue, the discussion to follow will focus on whether Plaintiff has met its burden for demonstrating that venue is proper in this District. Based on the Supreme Court's decision in *TC Heartland*, for venue to be proper in this District the Defendant either must be: a) incorporated in New York; or (b) have committed acts of infringement in this District *and* have regular and established places of business in this District. *See* 28 U.S.C. § 1400(b). The Court finds that Plaintiff has failed to satisfy either prong of the venue patent infringement statute.

The Defendants in this case are not incorporated in New York. According to the Defendants, "Project Light, LLC, Propsetto Light, LLC and Prospetto Lighting, LLC are all Ohio limited companies," whereas "Project Light, Inc. is a Florida Corporation with its principal place of Business at 1231 Banyan Road, Boca Rotan Florida."[3] Declaration of Sam Avny ¶¶ 5–6, ECF No. 46. Plaintiff does not dispute that the Defendants are not incorporated in New York. Therefore, this District is not the appropriate venue under the first prong of the patent venue statute.

---

[3] Although not necessary, it is also worth noting that Plaintiff is not incorporated in New York either. Rather, Plaintiff is incorporated in the state of Washington.

6

Similarly, Plaintiff has failed to satisfy the second prong, which consists of a two-part test. *See* 28 U.S.C. § 1400(b). Plaintiff alleges that Defendants infringed its patent by advertising and selling products that used its patent in this District. Specifically, Plaintiff alleged the Defendants engaged in the following conduct in this District: participation in trade shows, offering the products in dispute, and operating a website. While these allegations may be sufficient to satisfy the first part of the second prong, Plaintiff has failed to demonstrate whether the Defendants have a regular place of business in this District. As established in *In re Cray, Inc.,* in order for a Defendant to have "regular and established place of business" under prong two of 28 U.S.C. § 1400(b) "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." 871 F.3d 1355, 1360. (Fed. Cir. 2017). In applying this analysis, courts must be "mindful that patent venue is narrower than general venue—and intentionally so." *Zaxcom, Inc. v. Lectrosonics, Inc.*, No. 17-CV-3408, 2019 U.S. Dist. LEXIS 16975, at *9-10 (E.D.N.Y. Feb. 1, 2019) (quoting *In re Cray*, 871 F.3d at 1361).

Here, none of the Defendants have a "physical space in this District," nor do they have a "regular and established place of business." The Defendants allege that they do not own, lease, occupy or otherwise maintain physical space in New York including both offices or warehouses. Further, the Defendants allege they do not have employees or sale representatives in New York, nor have they registered or obtained a business license in New York. Plaintiff does not dispute these allegations. Accordingly, the second prong is not satisfied and therefore, Plaintiff has failed to establish proper venue in this District. Defendants' motion to dismiss for improper venue is therefore **GRANTED**.

## CONCLUSION

For the reasons set forth by the Court, Defendants' motion to dismiss is **GRANTED**.

**SO ORDERED.**

Dated: September 30, 2019
      New York, New York

                                        ANDREW L. CARTER, JR.
                                        **United States District Judge**